# COFFIN *vs.* McCULLOUGH'S ADM'R.

30   107
105  629

[BILL IN EQUITY BY SURVIVING PARTNER FOR MARSHALING ASSETS OF DECEASED
PARTNER'S ESTATE.]

1. *Conclusiveness of decree of probate court.*—A decree of the. probate. court, in
the matter of an insolvent estate, giving a preference to the individual over
the partnership creditors of a deceased partner, is conclusive upon the
partnership creditors, and cannot, in the absence of fraud or other special
cause for equitable interposition, be overhauled in chancery after the expi-
ration of two years from its rendition.

2. *Lien of surviving partner.*—If, on the formation of a new firm by the addition
of another partner, the original stock of goods is credited equally to the
two old partners, as their respective shares of the capital stock of the new
company ; and, on the death of one of the original partners, his administra-
tor obtains a decree in chancery, on settlement of the partnership accounts,
for the intestate's share of the partnership effects,—the surviving original
partner has no lien on this fund, for the payment of the original partnership
debts.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WADE KEYES.

THE bill in this case, which was filed by Charles G.
Coffin, as surviving partner of the late firm of Coffin &
McCullough, in behalf of the creditors of said firm, alleged
that said firm was dissolved in 1846, and a new firm
formed, by the addition of a new partner, under the firm
name of Coffin & Griggs; that the stock of goods belong-
ing to the old firm, amounting to more than $18,000, was
put into the new firm; that in 1848 McCullough filed his
bill in chancery, for a settlement of said partnership mat-
ters, but died before the rendition of a final decree; that
the suit was revived by his administratrix, and a decree
afterwards rendered in her favor, on settlement of said
partnership accounts, for $6,623, which sum was paid to
said administratrix; that the estate of said McCullough
was declared insolvent, and complainant also is insolvent;
that J. & L. K. Bridge, J. & G. C. Alexander, and other
creditors of the old firm of Coffin & McCullough, filed their
claims against the estate of said McCullough, within the

time allowed by law, and the same were allowed by the probate court; and that on final settlement and distribution of said estate, the claims of said partnership creditors were postponed to the individual creditors, on the ground that the fund was not sufficient to pay both. The prayer of the bill is, that the debts of the partnership creditors may be paid out of the 'fund in the hands of the administratrix, and the individual creditors restrained from further proceedings to subject it. ·

The chancellor dismissed the bill, for want of equity; and his decree is now assigned as error.

Jno. T. Taylor, for the appellant.

P. Hamilton, contra.

RICE, C. J.—It appears from the bill, that J. & L. K. Bridge and J. & G. C. Alexander had claims against the late firm of Coffin & McCullough; that McCullough died in 1849, or 1850; that his estate was duly declared insolvent, by "the orphans' court of Mobile county"; that the aforesaid claims were duly presented to his administratrix, and duly filed in that court; "that on the final hearing before that court, when the claims against the said insolvent estate were passed upon, the two claims above alluded to were duly allowed by that court, as proper and legitimate claims against said estate"; "that when the fund in the hands of said administratrix was about to be distributed among the claims allowed, at a subsequent term, that court excluded the said claims from all participation therein, because there was not enough to pay *the separate and individual* debts of the said McCullough"; that the said orphans' court determined that the said *separate* and *individual* debts of McCullough should be first paid; and that this decree of that court, giving the preference to the said *separate* debts over the *firm* debts, and thereby excluding the said J. & L. K. Bridge and J. & G. C. Alexander, creditors of the firm of Coffin & McCullough, was made before the bill in this case was filed.

Upon the facts alleged in the bill, it is clear that the orphans' court of Mobile county had jurisdiction of the

said J. & L. K. Bridge and J. & G. C. Alexander, of their said claims, presented and filed as aforesaid, of the funds in the hands of the administratrix of the insolvent estate of McCullough for distribution among the creditors, and of the question whether the said funds should be paid to the *separate* and *individual* creditors of McCullough in preference to the creditors of the firm of Coffin & McCullough, (Smith v. Mallory, 24 Ala. 628; Bridge v. McCullough, 27 *ib.* 661;) and that in the exercise of such jurisdiction, it pronounced a decree, before the present bill was filed, excluding the said claims of Bridge and Alexander from all participation in the distribution of said funds, and appropriating those funds to the *separate* and *individual* creditors of McCullough. It is certain that, upon these facts, the decree of the orphans' court, so long as it remains unreversed, cannot, at the instance, or for the benefit of said J. & L. K. Bridge and J. & G. C. Alexander, be reversed, or re-examined, or interfered with, by a court of chancery, in the absence of fraud, or some other special cause for equitable interposition. Conceding that the chancery court had concurrent jurisdiction in the matter with the orphans' court; yet, as the jurisdiction of the latter first attached, and resulted in a decree before a resort to the former, that decree must be deemed conclusive by the court of chancery, unless a special reason for its interposition is alleged and proved.—King v. Smith, 15 Ala. 264; Cole v. Connelly, 16 *ib.* 271; Rutherford v. Wilkerson, at the present term.

No such reason or cause is alleged in the bill. The only reason or cause alleged for overhauling the decree of the orphans' court, is, in substance, that there was *error* in that decree, in giving the preference to the individual creditors of McCullough, and excluding the creditors of the firm of Coffin & McCullough from participation in the funds embraced in the decree. Independent of our statutes, the allegation of *mere error* in the decree would not authorize the court of chancery to interfere with it; and under our statute law, to give jurisdiction to a court of chancery, the bill should not only allege error in the decree, but also that such error occurred without any

fault or neglect on the part of the party against whom the decree was rendered; and the bill must appear to have been filed "within two years after the final settlement" of the estate, or a valid excuse shown for not filing it within that period.—Code, § 1915. The bill in .this case does not show when the final settlement was made; nor that it was filed within two years after that settlement; nor that the alleged error in the decree occurred without any fault or neglect on the part of the party against whom the decree was rendered.

The court will always look and ascertain who are the real parties to the suit, and what is its real object. An examination of this bill convinces us, that its real object is to accomplish for J. & L. K. Bridge and J. & G. C. Alexander indirectly, by the use of the name of Coffin as the complainant, what it is clear could not be accomplished for them directly by the use of their own names as complainants. We do not find fault with them for making the attempt, but we certainly cannot help to give it success.

We do not wish to be understood as believing, or as asserting, that after the goods of Coffin & McCullough had been put in as their share of the capital stock of the new firm of Coffin & Griggs, and after the decree for $6,623 in favor of the administratrix of McCullough, rendered by the chancellor under the bill filed by McCullough for a settlement against Coffin & Griggs,—any equity remained in Coffin to have the said sum of $6,623, the fund in question, applied to the payment of the firm debts of Coffin & McCullough. Our opinion is otherwise. We think, that any equity of that kind, which may have existed in Coffin before the goods of Coffin & McCullough were put into the new firm as aforesaid, and before the rendition of the aforesaid decree of the chancellor, was lost or barred by putting the goods into the new firm, and the subsequent decree of the chancellor for the $6,623 in favor of the administratrix of McCullough; and we further think that Bridge and Alexander are barred by the decree of the orphans' court.

The decree of the chancellor in the present case is free from error, and is affirmed, at the costs of the appellant.