# ·Hart *v.* Clark.

## *Bill in Equity to enjoin Judgment at Law.*

1. *Demurrer; when not considered.*—Under the Revised Code, § 3350, no demurrer to a bill can be heard unless the grounds are set forth specially. A demurrer because "there is no equity in the bill," sets forth no special cause, and can not be considered.

2. *Amendment; what does not make new case, &c.*—The original bill sought to enjoin a judgment, on a note given by a surviving partner to the deceased partner's administrator for his interest in the partnership assets, alleging that it was executed upon the agreement, that the amount due upon it should be applied to the payment of the intestate's indebtedness to the firm, and in satisfaction of partnership debts if necessary, and that this was necessary. An amendment was made, showing that the agreement was with the administrator's duly authorized agent in that behalf; that in a suit pending in that court for a settlement of the partnership affairs, the register, on reference to state the accounts, had reported that the partnership was indebted to the surviving partner; that a large amount of partnership debts were still outstanding. It made no new parties, nor prayed any other relief than that sought in the original bill.

*Held:* The amended bill was not repugnant to the original; did not make a new case, and was not multifarious.

3. *Dissolution of injunction on denials of answer; when improper.*—It is error to dissolve an injunction on the denials of an unsworn answer, or answer on information and belief, where the facts are positively charged.

4. *Same; when dissolution will be decreed without regard to denials of answer.*—Although the answer denying the equities of the bill is not sworn to, yet, if upon its coming in, motion is made to dissolve the injunction for want of equity in the bill, and that objection is well taken, the motion must prevail, and the bill be dismissed, without regard to the defects of the answer.

5. *Written contract; how can not be varied.*—The legal effect of a written contract for payment of money, which is plain and unambiguous, can not be varied by parol proof of an agreement that it should be discharged in some other way; and in the absence of mistake, fraud and the like, the rule is the same in equity as at law.

6. *Partnership assets, lien of partner on; how lost.*—While each partner has a lien on partnership effects, and can compel their appropriation to partnership indebtedness in preference to individual liabilities of the partners, and

Vol. LIV.

[Hart v. Clark.]

has also a specific lien for the amount of his share, and for any moneys advanced by him in excess of that amount, for the use of the partnership, the lien, in general, exists only in favor of the several partners ; and if they divide or partition the property, each partner taking his own share, the lien is gone.

7. *Same.*—If one partner purchases the half interest of his deceased copartner, at administrator's sale, he thereby separates, by his own voluntary act and contract, that part of the assets from the other partnership effects, and thereby waives any lien which he may have had thereon as partner.

APPEAL from Chancery Court of Barbour.

Heard before Hon. B. B. McCRAW.

The original bill in this cause was filed by the appellant, Hart, against appellee, Emeline Clark, to enjoin the collection of a judgment, which the latter had obtained against him.

According to its statements, one John W. Clarke, husband of said Emeline, was complainant's partner in the "warehouse business" in the city of Eufaula, the partnership owning a negro man and dray and mules. Clark died in 1862, and his wife Emeline and one Robinson qualified as administrators, and in the year 1863 obtained an order for the sale of his personal property to pay debts. Hart was then in possession of the property, claiming and controlling it as surviving partner. Clark was largely indebted to said firm, but complainant, when asked to give his consent to the administrator's selling Clark's half interest in the property, "consented to it upon the express understanding with the the administrator and administratrix, that he was to be allowed to purchase said interest, and give his note for the purchase money, according to the terms of the order, with the agreement, if it was afterwards ascertained that Clark's interest in the partnership was insufficient to pay the firm debts and Clark's individual indebtedness to it, the amount of the note should be applied in liquidation of such claims." With this understanding the administrators made the sale and Hart became the purchaser executing to the administrators the note, which was the foundation of the judgment sought to be enjoined. When the note was given, as well as when it matured, Clarke was largely indebted to complainant, after exhausting all his interest in the property and assets of the late firm; and Clark's individual estate had been exhausted in the payment of his individual debts and duly declared insolvent. Complainant had also been compelled to pay out of his individual property debts of the late firm, as also individual debts of Clark, for which the firm was bound, and had given Clark credit for the amount of the note long before the suit was brought upon it.

On a final settlement of Clark's estate, the administrators

reported the note as uncollected, and said Emeline took it in payment of an alleged claim for dower. She afterwards brought suit on it in the circuit court, where Hart set up the foregoing facts as a defense, and judgment was thereon rendered in his favor; but on appeal to the supreme court, it was reversed, "on the ground that the matter of said defense was not available at law, and intimating that the defense was available in a court of chancery." On a second trial, she recovered judgment in conformity to this ruling, for the amount of the note.

The defendant answered, admitting, in substance, all the allegations of the bill, except the making of the agreement as to the manner in which the note was to be applied, and the indebtedness of her intestate to the firm. She positively denied the making of the agreement, and alleged that on a settlement of the partnership accounts, Hart was justly indebted to her intestate. She also demurred, "because there is no equity in the bill."

The answer was verified by the oath of complainant, "that the facts therein stated were true, to the best of her knowledge, information and belief."

Complainant, thereupon, by leave of court amended his bill, alleging that the agreement as to the manner in which the proceeds of the note were to be applied, was not made with the administrator and administratrix, but with one Keils, their duly authorized agent, who had formerly been Clark's confidential clerk. He also alleged, by way of further amendment, that a son of Clark had filed a bill, then pending in court, for a settlement of said partnership, and that upon a reference therein ordered the register reported, after crediting the deceased partner with the amount of said note, that the partnership was largely indebted to complainant, which statement of the accounts complainant averred was strictly correct. He further averred, that the debts of the late partnership, for a large amount, were still unpaid, and that the personal property purchased by him was subject to the payment of those debts. He also repeated the prayer for relief, contained in the original bill.

The appellee again answered, denying all the allegations in the amendment, except as to the pendency of the suit for the settlement of the partnership.

She demurred to the amended bill, on the ground that there was no equity in it; that it was multifarious; that it was repugnant to the original bill and made a new case. She thereupon moved to dissolve the injunction, because of the denials in the answer and because it was devoid of equity.

[Hart v. Clark.]

The answer to the amended bill was not required to be sworn to, and was put in without oath.

The cause was submitted in term time, " on motion to dissolve the injunction for want of equity in the bill and on the denials in the answer." The court dissolved the injunction and dismissed the bill; hence this appeal.

J. L. PUGH, for appellant.

OATES & McKLEROY, contra.

STONE, J.—The present case was submitted to the chancellor, in term time, on, first, the demurrer; second, on motion to dissolve the injunction on the denials in the answer. The demurrers for multifariousness and for repugnancy between the original and amended bills, are not well taken. No argument is here offered in support of them, and we find nothing in the pleadings to justify either.

The only other demurrer is a general one—that there is no equity in the bill or amended bill. This, under the statute, we are not permitted to consider.—Rev. Code, § 3350.

The answer is not so verified as that we can consider its denials on the motion to dissolve.—Rule 32; 1 Brick. Dig. 678, § 554; *Calhoun v. Cozzens*, 3 Ala. 485. This would be decisive of the present case were it not for another rule, well settled by the decisions of this court, namely; that " on the coming in of an answer, either admitting or denying the allegations of the bill, the court will, on motion, dissolve the injunction and dismiss the bill, if it is wanting in equity."— 1 Brick. Dig. 677, §§ 546, 550. In fact, it would seem an anomaly to predicate error of a decree dissolving an injunction, when the bill contains no equity. It thus becomes our duty to inquire whether the bill in this case, as amended, contains equity.

In a suit at law between these parties, founded on the note on which the judgment was recovered, which the present bill seeks to enjoin, an appeal was prosecuted to this court.—See *Clark v. Hart*, 49 Ala. 86. It was then correctly ruled that the note was unambiguous, was for the payment of money, and that parol evidence of an agreement made at the time of its execution, the result of which was to vary its legal effect, could not be received. On this question, the rules of evidence are the same in equity as at law.—3 Greenl. Ev. § 250.

Questions of mistake in the draft of contracts, and of fraud in the procuring their execution, will sometimes authorize

494 SUPREME COURT [Dec. Term,

the introduction of parol proof, varying the terms of the writings. But this under circumstances not disclosed in the present record, and not necessary to be here considered.— *McGehee v. Rump*, 37 Ala. 651.

It can not be disputed that each partner has a lien on the partnership effects, and can successfully claim that they be applied to the full payment and discharge of all debts and liabilities of the partnership, before any partner or his representative, or any individual creditor of such partner, can claim any right or title thereto. And each partner has also a specific lien on the partnership effects, not only for the amount of his share, but for moneys advanced by him beyond that amount for the use of the partnership.—*Donelson v. Posey*, 13 Ala. 268–9; Story on Part. § 97.

This lien, however, as a general proposition, exists only in favor of the several partners. Creditors, except in certain conditions not shown in this record, can assert no lien. Partners may sell the partnership property; may convey even to one of their own number; and the lien will be thereby destroyed. They may partition or divide the partnership effects, each partner taking his own share; and the lien spoken of above will cease to exist. In the case of *Coffin v. McCullough*, 30 Ala. 107, the two partners had changed their firm connections by taking in one Griggs; and the firm name was changed to that of Coffin & Griggs. Into this new firm Coffin & McCullough each put the stock of the old firm of Coffin & McCullough as their several shares of the capital stock of the new firm. In a suit brought by McCullough before his death, but decided afterwards, a decree was rendered in his favor for the amount of his share in the latter firm. Coffin then sought to have the amount of such decree applied primarily to the partnership debts of Coffin & McCullough. It was held, that by the formation of the new partnership, and by the transfer of the partnership assets of Coffin & McCullough to the new partnership of Coffin & Griggs—each partner obtaining an individual credit by such transfer for one-half thereof—the effects ceased to be partnership assets of Coffin & McCullough, and the right to have them applied first to the partnership debts of Coffin & McCullough was thereby lost.—See, also, *Reese v. Bradford*, 13 Ala. 846.

We think the case of *Coffin v. McCullough*, *supra*, decisive of this. Hart purchased of the administrators of Clark the latter's half interest in certain partnership effects, and gave his note for such half interest, payable to said administrators.

That note is the foundation of the judgment sought to be

[Hart et al. v. The Life Association.]

enjoined in the present suit. Hart, by his own voluntary act and contract, separated this part of the assets from the partnership effects of Clark & Hart, and thereby waived and surrendered all lien which he, as a partner, had thereon. The equity of his bill rests alone on the lien which he thus surrendered. There is no equity in the bill, and the chancellor did not err in dissolving the injunction.

Decree affirmed.

*Bill in Equity to enjoin Judgment at Law.*