[Aiken v. Steiner & Lobman.]

# Aiken *v.* Steiner & Lobman.

*Claim of Exemption by Former Partner against Partnership Debts, after Purchase by him of the Partnership Property from Co-partner.*

1. *Right of partnership creditors; subrogation.*—While the creditors of a partnership have no lien upon the partnership property, they have the right, during the existence of the partnership, to avail themselves of the lien of each partner to have the partnership property applied to the payment of the partnership debts, upon the principle of subrogation.

2. *Claim of individual exemption in partnership property, not allowable.*—Partners, during the existence of the partnership, can not claim an individual exemption in partnership property, when taken under legal process for partnership debts.

3. *Fraudulent sale of partnership property.*—Where an insolvent partner sells the partnership property to his co-partner, who owns no property except the partnership property bought by him, with outstanding partnership liabilities unprovided for, the law conclusively presumes the transaction one to hinder, delay and defraud the partnership creditors.

4. *Partnership property, converted, bona fide, into individual property may be claimed as exempt.*—When partnership property has been converted into separate property, *bona fide,* and before execution, an exemption may then be claimed in it by the individual owner.

APPEAL from Pike Circuit Court.

Tried before the Hon. JOHN P. HUBBARD.

This cause originated in a writ of attachment sued out by the appellees, Steiner & Lobman against Aiken & Co., a partnership composed of the appellant, and one Vincent, and levied upon the stock of goods, wares and merchandise in the possession of said Aiken, and which had recently belonged to the partnership of which he was a member, but which the appellant claimed to have purchased from Aiken & Co. After the levy of the attachment the appellant filed his claim of exemption with the sheriff, to the goods levied upon, claiming them as his individual property, being of less than one thousand dollars in value. The claim of exemption was contested by appellees, and upon issue tried it was found by the jury that the property was not exempt, but was subject to the attachment. There was an agreed statement of facts, in which it was shown that the goods in controversy were not worth more than was paid for them by the appellant, and that appellant had no other personal

[Aiken v. Steiner & Lobman.]

property than that included in his claim of exemption. It was also agreed that Vincent was insolvent at the time of the sale. There was an affirmative charge for the plaintiff, and the defendant, Aiken, takes this appeal.

THOMAS H. WATTS and M. N. CARLISLE, for appellant, cited *Giovanni v. First Nat. Bank*, 55 Ala. 307; *Mayer v. Clark*, 40 Ala. 259; *Rose v. Gunn*, 79 Ala. 415; *Levy v. Williams*, 79 Ala. 180; *Reese & Heylin v. Bradford*, 13 Ala. 837.

GARDNER & WILEY, for appellee. (No brief.)

COLEMAN, J.—The facts in the case are agreed upon, and present but one question for our consideration.

The partnership assets of a firm composed of two members are of less value than one thousand dollars, and the members of the firm own no other property. One member, who is insolvent, sells out for a cash consideration his entire interest in the partnership to his co-partner. Can the purchasing partner hold the property under the exemption laws, against a creditor of the partnership?

Creditors of a partnership have no claim to, or lien upon, partnership property, but the partners themselves have such a lien upon partnership effects, for the payment of partnership debts, and so long as the partnership exists, this right of each partner may be made available to the creditors of the firm, upon the principle of subrogation.—*Reese v. Bradford, et al.*, 13 Ala. 837.

It is clearly settled as to the law of this State, that partners can not, during the existence of the partnership, claim an individual exemption in partnership property, when taken under legal process for partnership debts.—*Giovanni v. First National Bank of Montgomery*, 55 Ala. 305; *Schlapback v. Long*, 90 Ala. 525; *Terrell & Vincent v. Hurst*, 76 Ala. 588; *Levy v. Williams*, 79 Ala. 171.

The exemption laws were made for the benefit of individuals, and not for the benefit of partners as such. So long as the partnership existed neither the partnership, nor the individual members of the firm, were entitled to claim any part of the assets, as exempt from partnership debts.

Under the facts of the case, the selling partner was insolvent, the purchasing partner owning no property, except that which had constituted the assets of the firm, with outstanding partnership liabilities unprovided for, the law conclusively presumes that the parties knew the effect of their transaction would be to hinder, delay and defraud the part-

nership creditors. A sale by the partnership to a third party, for a cash consideration with such notice, would be declared fraudulent and void. Upon what principle of equity or of sound reasoning, can it be held that the partners can not make a valid sale, to a third party, so as to defeat their firm creditors, yet the creditors may be defeated by a sale under the same circumstances by one partner to his copartner? Neither party owns any individual interest in partnership property, except such as remains after payment of all partnership debts. We are of opinion, and declare the law to be, that any disposition of property for a present consideration, which was liable to a debt then existing, made to hinder, delay or defraud the creditor, all the parties to the transaction having knowledge of, and participating in the fraudulent purpose, is fraudulent and void as to such creditor, whether between individuals, or a partnership to a third party, or between the partners themselves, and the exemption laws furnish no protection to the grantee, under such circumstances. It can not be the law, that property which is subject to legal process, may become exempt property, by a fraudulent sale, entered into by the seller and purchaser, for the express purpose of defrauding the creditor, the purchaser benefitting the fraudulent debtor by a cash payment, which can not be reached by the creditor, and the purchaser who was also a debtor, secure such a benefit to himself. The precise question has not been decided by this court, but in a number of decisions, it is declared, "One partner may sell to his co-partner, and if the sale is fair, it will vest the exclusive title in his co-partner."—Reese v. Bradford, 13 Ala. 847. "In such case if the sale is fair—no fraud intended— an exemption may be claimed."—Levy v. Williams, supra. "It is lawful for the partners, in case of dissolution by consent, to agree that the partnership property shall belong to one of them ; and if the same is bona fide, and for a valuable consideration, it will transfer the property to such partners, free from the claims of joint creditors."—Mayor v. Clark, 40 Ala. 270. "Partnership property may be in good faith and before execution conveyed into separate property, and an exemption may then be claimed in it, by the partner whose property it becomes."—17 Amer. & Eng. Encyc. p. 1336.

The rights of partners as between themselves, and the equity of partnership creditors, was elaborately considered in the case of Arnold v. Hagerman, et al., and Arnold v. National Bank of Red Bank, reported in 45 N. J. Eq. 196, and the conclusions of the court on the question under consideration, was as follows : "Generally speaking, this equity

[Butler, et al. v. Walker, et al.]

of creditors continues only so long as the rights of the part-
ners against each other subsist; but if the partners have put
an end to their rights with intent to hinder, delay or defraud
the partnership creditors, in pursuit of this equity, then this
equity of creditors may still remain." "If a firm and all its
members be insolvent, and the insolvency be patent to all
the members, a transfer of the partnership property to one
of the firm will be considered as made with intent to hinder,
delay or defraud the firm creditors." These are sound, whole-
some principles, and accord with our views. It is upon such
principles only that partnership affairs can be properly ad-
ministered and settled with justice to partnership creditors.

Upon the agreed facts, the court properly instructed the
jury, at the written request of the plaintiff, to find the issue
in his favor.

Affirmed.