# Porter & Co. *et al* v. Ullman *et al.*

## Bill in Equity to set aside Fraudulent Conveyance.

1 *Fraudulent conveyance; agreement as to proceeds from insurance policy on dissolution of partnership.*—Where, upon the dissolution of a partnership, the retiring member sells his interest on credit to the new firm, which assumed the debts of the old, it was agreed—the insurance company assenting thereto—that the policy of insurance on a stock of goods taken out by the old firm should remain in force, and in the event of loss by fire, a proportionate share of the insurance money should be paid to the retiring partner upon his debt due from the new firm for the purchase of his interest, such agreement as to the policy of insurance and the money to be derived therefrom, in the event of the loss of the goods by fire, without regard to the financial condition of the old partnership or the partners which composed it, is not a fraudulent conveyance of the policy as to existing creditors, which gives such creditors the right to maintain a bill in equity under the provisions of the statute (Code, § 3544), to enforce their claims against the property in the possession of the new firm.

APPEAL from the City Court of Talladega, in Equity. Heard before the Hon. JOHN W. BISHOP.

The bill in this case was filed by the appellees against the appellants. The averments of the bill and the relief sought are sufficiently stated in the opinion. The appeal is taken from the decree of the city court overruling the demurrers of the respondent to the bill.

KNOX, BOWIE & DIXON, for A. L. Porter & Co.—1. There was a misjoinder of parties complainant.—Story's Eq. Pleading, § 161 and note; 4 Amer. & Eng. Encyc. of Law, 574. There was a misjoinder of parties respondent.— Story's Eq. Pleading, § 161 and note.

2. There is no sufficient averment of fraud in the bill; the averment that the transaction was made to hinder, delay and defraud the creditors is too general. *Jones v. Massey*, 79 Ala. 370; *Flewellen v. Crane*, 58 Ala. 627.

3. There is no equity in the bill in as much as no fraud is shown, and it is not averred nor shown that at the time of the sale of the interest of Warren F. Smith

to the new firm of A. L. Porter & Co. that the new firm of A. L. Porter & Co. was insolvent, or that A. L. Porter and C. B. Porter, the members composing the said firm, were insolvent at the time of the sale, but on the other hand the bill shows that there were partnership assets enough at that time to pay the claims of the complainants in full, and that the firm of A. L. Porter & Co. was entirely solvent; the only averment of insolvency being a statement is the said bill that at the time of the filing of this bill A. L. Porter and C. B. Porter were insolvent and that the estate of Warren F. Smith was insolvent.—17 Amer. & Eng. Encyc. of Law, 978-986; 2 Lindlay on Partnership, 959, § 573; 1138, § 696; *Reese v. Bradford,* 13 Ala. 846; *Coffin v. McCullough,* 30 Ala. 107; *Mayer v. Clark,* 40 Ala. 259; *Hart v. Clark,* 54 Ala. 493; *Levy & Co. v. Williams,* 79 Ala. 171; *Aiken v. Steiner,* 98 Ala. 355; *In re Cook,* 3 Biss. (U. S.) 122; *Stewart v. Westover,* 101 N. Y. 265; *Brown v. Burnum,* 99 Ala. 114.

4. The complainants had a full, adequate and complete remedy at law by suit against A. L Porter & Co., by attachment or garnishment of the insurance company, on the amount due on the policy, as shown in the bill.—*Hurst Purnell & Co. v. Home Protection Fire Ins. Co.,* 81 Ala. 174.

C. C. WHITSON, for Warren F. Smith.—1. The sale by Smith of his interest in the partnership was entirely on credit, and he never received or withdrew any part of the partnership funds or property in consideration of such sale. One partner may sell and dispose of the effects of the firm to his co-partner, and if the sale is made in good faith, it will vest the title of the property in the co-partner.—1 Lindlay on Partnership, 336, 575; *Ex parte Ruffin,* 6 Vesey, Jr. 119; *Reese v. Bradford,* 13 Ala. 837; *Mayer v. Clark,* 40 Ala. 259.

2. The complainants, as creditors of A. L. Porter & Co., the firm of which W. F. Smith was a member, had no lien upon the property and assets of such firm. Partnership creditors have no lien on partnership property. *Giovanni v. First Nat. Bank,* 55 Ala. 307; *Evans v. Winston,* 74 Ala. 349; *Brown v. Burnum,* 99 Ala. 114; *Hollis v. Staley,* 3 Baxt. 167, 27 Amer. Rep. 759.

3. The averments of the bill, as to the sale of his in-

terest in the partnership by W. F. Smith, show no fraud of which appellees can complain. It was wholly upon a credit and without the reservation of any benefit, and there is nothing in the transaction from which a fraudulent intent can be inferred.—*Levy v. Williams*, 79 Ala. 171; *O'Conner M. & M. Co. v. Coosa F. Co.*, 95 Ala. 620.

4. The agreement or arrangement, that in the event of loss under the policy, the insurance company should pay Warren F. Smith an amount equal to the purchase money for his interest in the firm property, and the subsequent agreement between A. L. Porter & Co., the insurance company and these appellants, as administators of W. F. Smith, that the loss under such policy should be paid to them, as their interest might appear, such interest being considered as amounting to about $750, as averred in the bill, does not show a transfer or assignment of such policy of insurance nor the assignment of the claim for loss thereunder to M. L. Smith and E. J. Smith, as such administrators. "It was not an assignment of the policy, but a mere appointment of a part of the money to be realized on it." And such administrators can maintain no action on the policy against the Georgia Home Insurance Company in their own name.—*Fire Ins. Co. v. Felrath*, 77 Ala. 194, and authorities cited.

5. The general averments of fraud, that such transactions were intended to defraud the complainants and other partnership creditors, can not aid the equity of the bill. "A decree can not be rendered on such averments." The facts from which the conclusion of fraud is deduced must be stated.—*Jones v. Massey*, 79 Ala. 370; *Flewellen v. Crane*, 58 Ala. 627; *Fort Payne F. Co. v. Fort Payne C. & I. Co.*, 96 Ala. 472.

H. L. McELDERY, for the Georgia Home Insurance Co.—The demand against the Georgia Home Insurance Company does not come within the scope of section 3544 of the Code of 1886. The remedy at law by garnishment is plain, adequate and complete.—*Ins. Co. v. Hurst*, 81 Ala. 175.

BROWN & DRYER, for appellees.—1. Under the facts in this case, the garnishment would not lie. And even if there was a remedy by garnishment, that fact does not oust

the jurisdiction of chancery, for a court of equity has jurisdiction independent of the statutory remedy by attachment and garnishment.—3 Brick. Dig., 331, § 15; 1 Pom. Eq. Jur., §§ 279, 280.

2. If the bill has equity, there is no misjoinder of defendants, nor is it multifarious. If the proceeds of the insurance policy can be subjected in this suit, all of the respondents are not only proper but necessary parties. The insurance company must be made a party to enforce payment, and each of the other defendants claim an interest in the policy, which, if the bill has equity, is subordinate to the rights of complainants; and, hence, they are necessary parties. It is an attack upon the very claims they are wrongfully setting up to defeat complainants' demands. The bill charges a fraudulent conveyance, or an attempted fraudulent conveyance, coming within section 3544 of the Code of 1886. There is no misjoinder of complainants.—*Ruse v. Bromberg*, 88 Ala. 619; *Tower Manfg. Co. v. Thompson*, 90 Ala. 129. Nor can the right of trial by jury be demanded.—*Montgomery & F. Railway Co. v. McKenzie*, 85 Ala. 546.

3. Under the allegations of the bill, there was a clear statement of facts which constitute a fraudulent conveyance or an attempted fraudulent conveyance.—*Klein v. Miller*, 97 Ala. 506; *Cartwright v. Bamberger*, 90 Ala. 405.

4. The bill is not drawn on the idea that complainants had, anterior to the filing of the bill and service of process, any lien on the subject in controversy. It is based on two sources of equity jurisdiction, either of which is sufficient to support it. The first is, that it has always been the common law of this State that a simple contract creditor may come into a court of equity, to reach and subject property fraudulently conveyed by his deceased debtor in his life time, when there is a deficiency of legal assets to satisfy his demand; and the second is, the statute passed in 1860 embraced in section 3544 of the Code of 1886, gives enlarged jurisdiction.— *Werborn v. Kahn*, 93 Ala. 201; *Carter Bros. v. Coleman*, 82 Ala. 177; *Battle v. Reid*, 68 Ala. 149; *Lehman v. Meyer*, 67 Ala. 396; *Houston v. Blackman*, 66 Ala. 559; *Jenkins v. Lockard*, 66 Ala. 377; *Evans v. Welch*, 63 Ala. 251, *Watts v. Gayle*, 20 Ala. 817; *Halfman v. Ellison*, 51 Ala. 543.

COLEMAN, J.—The appellees, simple contract creditors of appellants, filed the present bill to reach and subject to the payment of their respective claims, an indebtedness which had accrued against the Georgia Home Insurance Company upon a policy issued in favor of A. L. Porter & Co., the debtors, to secure their stock of goods against fire and which has become payable. Complainants' contention is, that the averments of the bill are sufficient to bring their case within the provisions of section 3544 of the Code, which provides that "a creditor without a lien may file a bill in chancery to discover or to subject to the payment of his debt any property which has been fraudulently transferred or conveyed, or attempted to be fraudulently transferred or conveyed by his debtor." No discovery is sought, and if the bill is maintainable, the facts averred must show a fraudulent transfer or conveyance of the policy or an attempt to fraudulently transfer or convey it. No conclusion of the pleader, that certain stated facts which entered into a transaction was a fraud, or that certain acts done to complete a transaction were done with a fraudulent intent, can impart or inject fraud into the transaction. The law infers the fraud from the facts, and not from the averment of fraud independent of the facts Unless the facts show fraud, the conclusion of the pleader, that they were fraudulent, is without force.

Partners are jointly and separately liable to the creditors of the partnership. We have never held, and do not know that it has been so held anywhere, that a dissolution of a partnership and a division of the assets among the partners by which each became the individual owner, with exclusive dominion, control and right of disposition by each partner of such of the assets as was respectively and severally allotted to him, was a fraud *per se* upon existing creditors, nor would the principle be less applicable, if, at the time of such dissolution and division, there was an agreement between the parties, that a policy of insurance then in force for the benefit of the partnership should continue for their individual benefit and protection, each in case of loss by fire to be paid according to their separate and respective losses, the arrangement having been assented to by the insurance company.

The case made by complainants' bill is hardly so

favorable to them as that stated. A. L. Porter & Co., a firm composed of A. L. Porter and Warren F. Smith, procured a policy of insurance · against fire upon their stock of goods. During the latter part of the year 1893, the partnership became indebted to complainants by simple contract. On the first of February, 1894, A. L. Porter and Warren F. Smith dissolved the partnership, Warren F. Smith selling his interest on a credit for $750 to the new firm of A. L. Porter & Co., composed of A. L. Porter and C. B. Porter, the new firm assuming to pay all the debts of the old firm of A. L. Porter & Co. It was agreed between the parties, to which the insurance company assented, that the policy should continue in force, and that in the event of loss by fire, a proportionate share of the insurance money, should be paid to Warren F. Smith upon his debt due from the new firm · of A. L. Porter & Co. for the purchase of his interest in the goods, &c. Warren F. Smith became a contract creditor himself of the new firm, and took from the business no part of the stock nor any portion of the money. His sale did not relieve him from liability to the creditors of the old firm of A. L. Porter & Co. It is not pretended that the debt of $750 agreed to be paid him was "simulated," or that the price agreed to be· paid him was in excess of the value of his interest in the business, or that the partnership of which he was a member, or that either member of the firm, at the time of the dissolution and sale was insolvent or embarrassed. The essence of the bill is, that the agreement between the parties, that the policy of insurance, in the event there was a loss of the goods by fire, should be paid to Warren F. Smith on his debt in proportion to his interest, without regard to the financial condition of the partnership or the members which compose it, was in law *per se* a fraudulent conveyance of or an attempt to fraudulently convey the policy, as to existing creditors, and which gave the creditors the right to come into a court of equity.

Partners may dissolve the partnership, either by ceasing to do business, and dividing the assets of the business, or by one partner selling to his co-partner or a third person, or by the partnership selling out the entire business to third persons. It can not be said as matter of law, that a dissolution of a partnership is a· fraud on

[Eubank *et al.* v. May & Thomas Hardware Co.]

existing creditors, nor will any amount of averment, that such a dissolution was made to hinder and defraud creditors, stamp the transaction as fraudulent, without some averment of facts which authorized the conclusion of fraud.—*Reese v. Bradford*, 13 Ala. 847 ; *Mayer v. Clark*, 40 Ala. 270; *Coffin v. McCullough*, 30 Ala. 107 ; *Hart v. Clark*, 54 Ala. 493; *Brown v. Burnum*, 99 Ala. 114 ; *Aiken v. Steiner & Lobman*, 98 Ala. 355 ; 17 Amer. & Eng. Encyc. Law, 1336. The dissolution of the partnership not being fraudulent, the lien which each partner had, to have the partnership property applied to the payment of the partnership debts, was destroyed, and the rights of creditors to be subrogated to the partnership lien fell with it. Authorities *supra*. The bill is not filed on this theory. The agreement that the insurance should be paid to Warren F. Smith on account of his debt did not create a lien, available to the creditors of the partnership of A. L. Porter & Co. We see no reason, from an examination of the record, why a suit at law against the members who constituted the original firm of A. L. Porter & Co. with the aid of the process of garnishment, does not furnish to complainants an adequate remedy at law. We lay no stress on the averment of the bill, that when filed, the respondent debtors were insolvent. The insolvency may have been the result of the fire, or causes subsequent to and disconnected from the facts which led to the dissolution. A loss caused by the destruction by fire of the goods, months after the dissolution, can not relate back, and vitiate a transaction which was fair and *bona fide* when made. The demurrer was directed against the equity of the bill, and should have been sustained.

Reversed and remanded.