[No. 619. September 1, 1896.]

## IN RE ASSIGNMENT OF SPITZ BROTHERS.

Exemptions—Partnership—Assets of Insolvent Firm—Claim of Individual Partners.—Held: That the assets of an insolvent firm are a trust fund for the benefit of the creditors of the firm, and the individual partners are not entitled to the benefit of section 19, Laws 1887, exempting from levy and sale property of the value therein named, owned by the head of a family who is not the owner of a homestead, but only to claim such exemption out of the surplus, if any, remaining in the hands of the assignee after payment of the firm debts.

APPEAL from a judgment of the Second Judicial District Court, Bernalillo County, disallowing claims of petitioners for individual exemptions out of partnership assets in hands of assignee.    Affirmed.

The facts are stated in the opinion of the court.

FELIX H. LESTER and NEILL B. FIELD for appellants.

Exemption laws should be construed liberally in favor of the debtor.  Montague v. Richardson, 63 Am. Dec. 173; Carpenter v. Harrington, 37 Id. 272; Rockwell v. Hubbell, 45 Id. 252; Favers v. Glass, 58 Id. 272; Thomp. on Hom. & Exempts., sec. 5 and citations; Id., secs. 7, 731.

Property owned by a debtor as a member of a partnership is alike within the letter and spirit of the exemption laws.   Stewart v. Brown, 93 Am. Dec. 578, and note; 37 N. Y. 350; Skinner v. Shannon, 44 Mich. 86; McCoy v. Bruner, 61 Id. 362; Waite v. Matthews, 50 Id. 392; Gilman v. Williams, 7 Wis. 329; 76 Am. Dec. 219, and note; Blanchard v. Paschal, 68 Ga. 32; 45 Am. Rep. 474; Spade v. Bruner, 72 Pa. St. 57; Servanti v. Lusk, 43 Cal. 238; O'Gorman v. Fink, 37 Wis. 649; Russell v. Lennon, 39 Id. 570.

The members of a partnership are the owners of its assets, and may, with the consent of each other, apply the partnership assets to the payment of individual debts as against partnership creditors.   Husickamp v. Moline Wagon Co., 121 U. S. 310.

It was not incumbent upon the assignors to make any selection of exempt property, or to claim the exemption at any particular time.   They might, so long as the proceeds of the property remains in the hands of the assignee, make their claim at any time, and the statute would reserve the property for them. Chipman v. Kellogg, 60 Mich. 438; Perkins v. Nichols, 17 Id. 38.

R. W. D. Bryan and A. B. McMillen for appellee.

Individual partners are not entitled to exemptions out of the partnership assets in the hands of the assignee. Story, Eq. Juris., sec. 1253; Hollins v. Coal Co., 150 U. S. 385; Bank v. R. R., 11 Wall. 624; U. S. v. Hack, 8 Pet. 271; Murrill v. Neill, 8 How. 414; State ex rel. v. Spencer, 64 Mo. 355; In re Corbett, 5 Sawy. 206; 2 Bates on Part., sec. 1131; Giovani v. Bank, 55 Ala. 305; 28 Am. Rep. 723; Tirrell v. Hurst, 76 Ala. 588; Levy v. Williams, 79 Id. 171; Schlapback v. Long, 90 Id. 525; Aiken v. Steiner, 98 Id. 355; Richardson v. Adler, 46 Ark. 171; Bishop v. Hubbard, 23 Cal. 514; Kingsley v. Kingsley, 39 Id. 665; Cowan v. Creditors, 77 Id. 403; McCrimmon v. Linton, 36 Pac. Rep. 300; Bates v. Callender, 16 N. W. Rep. 506; State v. Bowden, 18 Fla. 17; Trowbridge v. Cross, 117 Ill. 109; Love v. Blair, 72 Ind. 104; State v. Emmons, 99 Id. 452; Smith v. Harris, 76 Id. 104; Ex parte Hopkins, 104 Id. 157; Drake v. Moore, 66 Iowa, 58; Hoyt v. Hoyt, 69 Id. 174; Guptil v. McFee, 9 Kan. 30; Succession of Staufer, 21 La. 525; White v. Heffner, 30 Id. 1280; Thurlow v. Warren, 82 Me. 164; Pond v. Kimball, 101 Mass. 105; Holmes v. Winchester, 138 Id. 542; Baker v. Sheehan, 29 Minn. 235; Prosser v. Hartley, 35 Id. 340; Robertshair v. Hanway, 52 Miss. 713; Wooldridge v. Irving, 23 Fed. Rep. 677; Julian v. Wrightsman, 73 Mo. 569; Lindley v. Davis, 6 Mont. 453; People v. Till, 3 Neb. 261; Wise v. Frey, 7 Id. 134; Lingley v. Raymond, 9 Id. 40; Rhodes v. Williams, 12 Nev. 20, 28; Terry v. Berry, 13 Id. 514; Arnold v. Hagerman, 45 N. J. 186; Gaylord v. Imhoff, 26 O. S. 317, 20 Am. Rep. 762; Bonsall v. Comly, 44 Pa. St. 442; Clegg v. Houston, 1 Phila. Rep. 353; Hally v. Hampton, 160 Pa. St. 18; Spiro v. Paxton, 3 Lea (Tenn.), 75; Chalfaut v. Grant, Id. 118; Gill v. Lattimore, 9 Id. 381; Short v. McGrudder, 22 Fed.

Rep. 46; In re Hafer, 1 Bank Reg. 547; In re Price, 6 Id. 400; In re Blodgett, 10 Id. 145; In re Handlin, 12 Id. 49; In re Tonne, 13 Id. 170; In re Stewart, Id. 295; In re Bootleroyd, 14 Id. 223; In re Sauthoff, 16 Id. 181; In re Hughes, Id. 464; In re Craft, 17 Id. 324; Id. 324; In re Melvin, Id. 543; In re Bjornstat, 18 Id. 282; In re Corbett, 5 Sawy. 206; Bank v. Corbett, Id. 543; In re Handlin, 3 Dill. 290; In re Sauthoff, 8 Biss. 35.

LAUGHLIN, J.—On the eighth day of December, 1894, the firm of Spitz Brothers, a co-partnership composed of Edward Spitz and Berthold Spitz, made an assignment for the benefit of their creditors to M. W. Flourney, as assignee. The firm of Spitz Brothers were and had been for some time previous to the date of the assignment doing a general mercantile business at Albuquerque, in Bernalillo county, and at Cerrillos, in Santa Fe county, New Mexico. The deed of assignment is in the usual and proper form, and conveyed to said Flourney, as assignee in trust, certain tracts and parcels of real estate, describing the same; "and also all the goods, chattels and effects, and property of every kind, real, personal, and mixed, of said firm of Spitz Brothers, and the said Edward Spitz and the said Berthold Spitz, together with all claims and demands whatsover and wheresoever, including choses in action, suits now pending, and judgments, except, however, so much as may under the laws of the territory of New Mexico be exempt to each of the above grantors."

Thereafter, on the twenty-third day of January, 1895, the said Edward Spitz and Berthold Spitz filed their separate petitions in the district court for Bernalillo county, in which petitions they each stated under oath that each was a resident of the territory, the head of a family, and was not the owner of a homestead,

and that there was a clause in the said deed of assignment expressly reserving from the said conveyances so much property conveyed as was, under the laws of this territory, exempted to each of said petitioners; and prayed for an order on the said assignee requiring him to set apart from the proceeds of said estate, and to pay over to each of said petitioners the sum of $500, as the equivalent of the amount of exemptions allowed in such cases to residents and heads of families who do not own a homestead. The district court granted the prayer and issued a rule on the assignee to pay over the amounts claimed in the petitions, or show cause at a fixed date, if any reason he had why not.

The assignee answered the rule and showed that neither said Edward or Berthold Spitz, nor their agent or attorney, ever selected any property, real or personal, from assets of said estate in his hands as assignee, nor claimed any of said property as an exemption; and that the appraised value of the assets of said estate of said Spitz Brothers amounted to $4,366.96; and that the partnership debts of said firm of Spitz Brothers amounted to the sum of $10,000, or more.

After hearing, on the answer to the rule, the court found that neither the said Edward nor the said Berthold Spitz was entitled to any exemptions out of the partnership assets except out of any residue which might remain after all the partnership debts were paid out of the partnership assets of said firm, from which ruling petitioners appealed to this court.

The appellants assigned three grounds of error in the court below for reversal, but only one of which will be considered, as that is sufficient for a full determination of the case on its merits; that assignment is in the following words, to wit:

"Third. The court erred in refusing to grant to the respective petitioners the exemptions prayed."

The provisions of the statute under which appellants seek to establish their right to the exemptions claimed in their petitions in this case. are

EXEMPTIONS: partnership: assets of insolvent: claim of individual partners.

as follows, to wit:     "Sec. 1.     Every person who has a family, and every widow may hold the following property exempt from execution, attachment or sale for any debt, damage, fine, or amercement, to wit:     *     *     *

"Sec. 19.     Any resident of this territory, who is the head of a family, and not the owner of a homestead, may hold exempt from levy and sale real and personal property to be selected by such person, his agent or attorney, at any time before sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property otherwise by law exempted."

"Sec. 10.     This act shall be so construed as to apply to all species of indebtedness, against· exempted property, except taxes.     *     *     *."     Laws of 1887, p. 72·

The act of the legislature under which this assignment was made and authorized, provides as follows, to wit:

"Sec. 35.     All property, both real and personal, exempt from execution under the laws of this territory shall not be conveyed by deed of assignment, and if enumerated therein shall not pass to the assignee, but shall be reserved for the benefit of the assignor, or his family, to be set off and appraised by the appraiser mentioned in the first part of this act."     Laws 1889, p. 158.

The quotation of the last statute is given in full to show that the appellants lost none of their rights by the deed of assignment, if any they had under the exemption statute.     And this leaves for determination the proposition contended for by counsel for appellants with much force and seriousness, which is, can each and every member of an insolvent partnership, who is

a resident of the territory, the head of a family and not the owner of a homestead, claim and hold out of the partnership assets of the insolvent firm, $500 or the equivalent in property? We think not.

Appellants contend in their brief in support of this proposition, that property owned by a debtor as a member of a partnership is alike within the letter and spirit of the exemption laws. The language of the act should be construed in harmony with its humane and remedial purpose. Its design was to shield the poor, and not to strip them. The interest it assumes to protect is that belonging to the debtor, be it more or less, whatever it be within the limitations of the statute the debtor's interest is exempt, in view of his own necessity and of the probable destitution to which its loss might reduce the family depending on him for support.

FREEMAN in his work on executions, section 221, says: "It often happens that property designated as exempt by statute belongs to two or more persons, either as cotenants or copartners. The question then arises, whether this property must be treated as exempt to the same extent as if held in severalty," and says that "cotenants and copartnership have been placed on the same footing in a majority of the states, and both have been given the full benefit of the exemption laws. This position, even when the words of the statute do not clearly indicate an intent to deal with undivided interests, is made tenable by general rule that these statutes must be liberally construed so as to promote the policy on which they are based, and accomplish the purposes to which they are directed."

The proposition stated here that the question had been so decided by a majority of the states, may have been true at the time the text was written, but it is not true at this time, as it will be found on an examination that a majority of the state courts and federal courts have held that partnership property is in the nature of

a trust fund, and held for the benefit of the creditors of the partnership; and that the partners can not claim and hold exemptions out of the partnership assets.

In support of the propositions stated by Mr. FREE-MAN, supra, and contended for by the appellants, the following citations are made: Stewart v. Brown, 37 N. Y. 350; Gilman v. Williams, 7 Wis. 329; Skinner v. Shannon, 44 Mich. 86; McCoy v. Bruner, 61 Id. 362; Waite v. Matthews, 50 Id. 392.

In Skinner v. Shannon, supra, the court say:

"That the several members of a copartnership come within the language of the statute and constitution, there should be no question, and that they by becoming members of a firm do not place themselves beyond the pale of the reason of the law, would seem clear. The same reason which exists would seem to apply with equal force to each and every member of the firm. The whole object of the law is to prevent a person from being stripped of all means of carrying on his business, and in this respect no distinction can exist between those who are members of a firm and those who are not. * * *. The creditor, in selling goods to an individual, knows that a certain portion of his debtor's property is not and will not be subject to his demands. And so if he sells to a firm, and the firm or each member thereof is entitled to a statutory exemption, the creditor sells in view of the hazard."

In the case of Blanchard et al. v. Paschal, 68 Ga. 32, which is similar in all respects to the case at bar, the court say: "The theory of plaintiffs in error is that the partnership property must go to the payment of partnership debts, before any individual interest can exist, whereas, in fact and in law, the individual members of a firm are the real owners of the partnership property. And although the law directs how debts shall be paid, it never loses sight of the fact that the partnership is made up of individuals who own the assets."

It will be seen on a careful examination of all the authorities in support of this proposition, that the courts so holding have apparently ignored a well settled principle of law, that is that the assets of an insolvent firm is a trust fund for the benefit of the creditors of the firm; this position is supported by federal as well as state authorities in a long line of well reasoned cases, as well as by a number of text writers.

"The joint property is deemed a trust fund, primarily to be applied to the discharge of the partnership debts against all persons not having a higher equity: A long series of authorities (as has been truly said) has established this equity of joint creditors, to be worked out through the medium of the partners; that is to say, the partners have a right, inter se, to have the partnership property first applied to the discharge of the partnership debts, and no partner has any right except to his own share of the residue; and the joint creditors are, in case of insolvency, substituted in equity as to the rights of the partners, as, being the ultimate cestui que trust of the fund to the extent of the joint debts. Story's Eq. Jur. [5 Ed.], sec. 1253; 3 Kent. Comm. 36.

"Whenever a partnership is becoming insolvent, a court of equity takes possession of its property, it recognizes the fact that in equity the partnership creditors have a right to payment out of those funds in preference to individual creditors, as well as superior to any claims of the partners themselves. And the partnership property is, therefore, sometimes said, not inaptly, to be held in trust for the partnership creditors." Hollins v. Bridefield C. & I. Co., 150 U. S. 385.

"It has been repeatedly determined, both in the British and American courts, that the property or effects of a partnership belong to the firm, and not to the partners, each of whom is entitled only to a share

of what may remain after payment of the partnership debts, and after settlement of the accounts between the partners; consequently that no greater interest can be derived from the voluntary sale of his interest by one partner, or by a sale of it under execution." In Field v. Taylor, 4 Ves. Jr. 396, it was said that a party coming into the right of partners, comes into nothing more than an interest in the partnership, which can not be tangible, can not be made available, or be delivered but under an account between the partnership and the partners, and it is an item in the account that enough must be left for the partnership debts." Bank v. N. O. & Carrollton R. R. Co., 11 Wall. 624.

"It is a rule too well settled to be now called in question that the interest of each partner in the partnership property is his share in the surplus after the partnership debts are paid, and that surplus only is liable for the separate debts of such partners." United States v. Hock, 8 Pet. 271; Murrill v. Neill, 8 How. 414.

There seems to be no doubt at this time but that the partnership assets of an insolvent firm constitute a trust fund for the benefit of the creditors of the partnership. And the only way in which individual partners of the insolvent firm could avail themselves of an exemption out of the partnership assets, before the partnership debts are paid, would be by a direct statutory remedy, and we have no such statute here. It is true that in the case of Stewart v. Brown, 37 N. Y. 350, the court held that where the word "person" appeared in the statute it meant "persons" in the plural; and that construction was given because of a general statute in that state. And while we have a statute to the same effect (sec. 2614, C. L. 1884), such a construction as placed upon the statute by the court in the case above cited is, in our opinion, unwarranted in the face of the authorities above cited.

Bates, in his work on the law of Partnerships, section 1131, says:

"On execution against the partnership property on judgment for a partnership debt, no exemption is allowed either to the partnership as a body, or to the individual members thereof, out of the joint assets. The partnership as a body can not claim because the homestead and exemption statutes apply to several and not to joint claims, and the partnership is neither an entirety, an individual, nor the head of a family. An individual partner can not claim it because no partner has a proprietorship in any specific chattel, his interest being a share in the surplus after payments of debts and copartnership claims." But that "the contrary rule prevails in Georgia, Michigan, New York, North Carolina, Texas, and Wisconsin."

In the case of In re Handlin, 3 Dillon, 290, Circuit Judge DILLON says: "There is no exemption to the firm, as such, nor is it contended that there can be. But each of the partners' claims are individual exemptions to the amount of two thousand dollars, out of the firm property, and at the expense of the firm creditors; and if the claim is valid it would be equally so if there were six partners, instead of two." * * * "While the adjudged cases relating to the question under consideration are not uniform, a careful examination of all of them justifies me in saying that they are quite decisively against the proposition that individual exemptions can be allowed out of the partnership estate, at the expense of the joint creditors."

The supreme court of Kansas, in a very able opinion, in the case of Guptil v. McFee, 9 Kan. 30, say: "But if we adopt the theory, which is the correct one, that the exemptions are in favor of individuals only, and not in favor of copartnerships or corporations, we are equally led to the conclusion that partnerships are not exempt from execution."

And in Pond v. Kimball, 101 Mass. 107, the supreme court of that state, as early as 1869, held that, "property belonging to the firm can not be said to belong to either partner as his property. He has no exclusive interest in it. It belongs as much to his partners as it does to him, and can not in whole or in part be appropriated (so long as it remains undivided) to the benefit of the family. It may be wholly contingent and uncertain whether any of it will belong to him on the winding up of the business, and the settlement of his accounts with the firm."

There is almost a limitless number of adjudicated cases supporting this doctrine, both federal and state, and it is only necessary to cite a few in addition to those already referred to. McCrimmon v. Linton, 36 Pac. Rep. (Colo.) 300; Aiken v. Steiner et al., 98 Ala. 355; Richardson v. Adler, 46 Ark. 43; Kingsley v. Kingsley, 39 Cal. 665; State v. Bowden, 18 Fla. 17; Ex parte Hopkins, 104 Ind. 157; Hoyt v. Hoyt et ux., 69 Iowa, 174; Terry v. Berry, 13 Nev. 514; Short v. McGruder, 22 Fed. Rep. 46; Hally v. Hampton, 160 Pa. St. 18.

A long list of federal decisions are cited by counsel for appellee, receiver from the bankrupt register in support of these authorities.

If the contention made by the appellants is sound, that each of the partners of an insolvent copartnership is under the statute entitled to claim and have an exemption of $500 out of the partnership assets at the expense of the partnership creditors as the equivalent of his homestead when he is not the owner of one, then it is sound as to any number and all the copartners under like circumstances; and if one member of the copartnership furnishes all the capital and the others conduct the business as profit partners only, and contract partnership obligations, and become insolvent, then each of the profit partners would be entitled to an

exemption, out of the expense first of the partnership creditors, and, secondly, at the expense of the partners who furnished all of the capital for the enterprise or business, if he should happen to have private property out of which the partnership debts could be collected, thus affording the profit partners an opportunity to secure and hold the exemptions out of the property in which they never had any interest and out of a business in which they never invested a dollar of their own money. Such a proposition is neither sound in morals nor in law. There is no principle of the law better settled than that partnership assets must first be applied to the payment of partnership debts. And to attempt to establish any other rule would be to encourage the thriftless and unscrupulous at the expense of the fruits of honest labor, and would be contrary to business principles and tend to destroy commercial confidence.

Suppose one partner had put into the business three fourths, and the other one fourth, it would be clearly unjust and inequitable to hold that he who had put into the business only one fourth of the capital should be permitted to withdraw from the firm assets an equal moiety with him who had invested three fourths of the capital; and if the principle contended for is sound with respect to any partnership it is sound with all partnerships.

It is contended by appellant's counsel, with considerable force, that statutes allowing exemptions should be and are construed with great liberality in favor of the "poor debtors," that no doubt is true and it is the proper construction, but this is not the class of cases requiring a liberal or sympathetic construction, because common experience of every day life teaches that in perhaps a majority of the cases of insolvency the members of the insolvent firm, while doing a thriving business on the capital of their creditors, live in oppulence, contract obligations with that other class of people

known as "poor creditors" who are unable to lose the
results of their honest toil for the benefit of those who
have lived in luxury while holding themselves out to
the world as amply and financially responsible for all
their obligations, and then make a deed of assignment,
and as if by the hand of the magician they are con-
verted into "poor debtors," and raise the alarm that
they are being pursued and oppressed by their creditors.

Our statute is fairly liberal in providing exemptions
to the poor and needy. It exempts a homestead to the
heads of families to the amount of $1,000, and the pro-
ceeds of the homestead when sold to that extent for one
year, and other personal property amounting to several
hundred dollars, and the personal earnings of the debtor
or his minor child or children for three months, and it
is this class of debtors upon whom the law always
sheds its mantle of charity in its protecting care of the
weak against the strong, and in whose favor the law is
and should always be construed liberally.

There was no error in the court below in refusing
to grant the prayer for exemptions as prayed for by the
appellants, and for the foregoing reasons the judgment
of the lower court is affirmed. And it is so ordered.

SMITH, C. J., and BANTZ and HAMILTON, JJ.,
concur.