GREGORY, Plaintiff in Error, *vs.* EVANS *et al.*, Defendants in Error.

1. Under the act of 1847, amendatory of the act of 1845, concerning executions, and before the passage of the act of 1853, debts and wages to the amount of one hundred and fifty dollars due to a defendant who had no other property, were not exempt from garnishment on execution.

*Error to Osage Circuit Court.*

On the 11th of May, 1850, Charles H. Gregory recovered judgment before a justice of the peace. Execution issued, and Jesse C. Evans and Richard A. Campbell were summoned as garnishees on the 6th day of December, 1852. Evans answered that he owed Davis $31 75. Campbell answered that he owed him $3 50. The justice rendered judgment against the plaintiff in the execution, from which he appealed to the Circuit Court. At the trial in the Circuit Court, Davis read in evidence a schedule of property claimed by him as exempt from execution, under the act of 1847, in which the debts due from Campbell & Evans were included, to the admission of

which, the plaintiff excepted. The court gave judgment for the defendants, and the plaintiff appealed to this court.

*Parsons*, for plaintiff in error. When the garnishees were summoned, the execution law did not exempt debts to any amount from garnishment. Such was not the law until the act of February 9, 1853.

*E. L. Edwards*, for defendants in error.

RYLAND, Judge, delivered the opinion of the court.

1. The only point of importance in this case is in reference to the acts of 1847 and 1853, reserving property, &c., of defendant from execution. The act of 1847—(p. 52, pamphlet,) concerning "Executions," amendatory of the act of 1845, on the same subject, has the following provision: Sec. 1. "Each head of a family, at his election, in lieu of the property mentioned in the first and second subdivisions of the eleventh section of an act entitled "An act to regulate Executions," approved 26th March, 1845, may select, and hold exempt from execution, *any other property*, real, personal or mixed, not exceeding in value one hundred and fifty dollars."

The property mentioned in the two subdivisions of the eleventh section of the act of 1845, above named, is of the following description, viz: "First, ten head of choice hogs, ten head of choice sheep, two cows and calves, one plough, one axe, one hoe, and one set of plough gears; second, working animals of the value of sixty-five dollars."

The act of 1853, to amend an act amendatory of "An act to regulate executions," approved March 26, 1845, approved February 6, 1847, is as follows: Sec. 1. "The first section of the act to which this is amendatory, shall be so amended as to add after the word "dollars," concluding said section, the words, " or in absence of other property, debts and wages to the amount of one hundred and fifty dollars." This last act took effect from its passage, which was on the 9th February, 1853.

From this, it is obvious that the last act was not in force at the date of the garnishment under the execution in this case, nor at the date of the judgment against the garnishees. These debts, therefore, of the garnishees, were not exempt from the plaintiff's execution.

The act of 1847 did not include " debts or wages," where there was no property; the act of 1853 was intended to embrace debts or wages, and to exempt $150 in amount of such, in favor of the debtor in the execution. The judgment, therefore, of the lower court, exempting the indebtedness of the garnishees from the execution of Gregory, in this case, was erroneous.

These proceedings were had before the act of 1853 went into effect, and of course, cannot be helped out by that act; and, although the words of the act of 1847, " any other property, real, personal or mixed," are very comprehensive, yet we think they were not designed to include debts or wages :" nor was it the intention of the legislature, under this law, to include, under these terms, what was not then liable to execution. The debts due to a man, or the wages due to a man, were not subject to be seized and levied on under execution; therefore, we cannot suppose the legislature intended, under these terms of exemption, to include subjects not then liable to execution.

The judgment below must be reversed, and the cause remanded for further proceedings, in accordance with this opinion, Judge Scott concurring; Judge Gamble not present.