[No. 3096. May 21, 1927.]

## McFADDEN v. MURRAY.

[257 Pac. 999.]

### SYLLABUS BY THE COURT

1. Exemption statutes should be liberally construed.

2. The exemption in lieu of homestead (Code 1915, § 2327) may be claimed out of current wages garnished.

Parker, C. J. dissenting.

Appeal from District Court, Rio Arriba County; Holloman, Judge.

Action by Mrs. E. F. McFadden against C. P. Murray. From a judgment for plaintiff against defendant and a garnishee, defendant appeals. Reversed and remanded, with directions.

E. P. Davies and W. N. Birdsall, both of Santa Fe, for appellant.

A. M. Edwards, of Santa Fe, for appellee.

### OPINION OF THE COURT

WATSON, J. [1] In an action against appellant, wages due him were garnished. The garnishee's return showed an indebtedness of $130. Being a resident of New Mexico, the head of a family, and not the owner of a homestead, appellant laid claim to the whole of said indebtedness as exempt under Code 1915, § 2327. The contention was overruled, and judgment was given against appellant and the garnishee for $32.50.

Secton 2327, supra, on which appellant relies, is as follows:

"Any resident of this state who is the head of a family, and not the owner of a homestead, may hold exempt from levy and sale, real or personal property to be selected by such person, his agent or attorney, at any time before sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property otherwise by law exempted."

[1] 25CJ p. 10 n. 52. [2] 25CJ p. 128 n. 48. [3, 4] 32 Cyc p. 667 n. 62; p. 668 n. 82; p. 669 n. 88.

Appellee relies on Laws of 1919, c. 153, § 1, reading as follows:

"No person shall be charged as garnishee, in any court in this state, on account of current wages, or salary due, from him to a defendant, in his employ, for more than twenty per cent of any wages or salary due such defendant for the last thirty days' service, unless the wages or salary due said defendant exceeds seventy-five dollars per month, garnishment may be had for twenty per cent of seventy-five dollars of such wages and salary, and, in addition thereto, for full amount of the excess of such wages or salary above seventy-five dollars. No exemption whatever shall be claimed, under the provisions of this section, where the debt was incurred for necessities of life, or for any debt, in either of the following cases: In case the debtor is not the head of a family, or in case the debtor is the head of a family, where the family does not reside in this state."

Appellee admits that this appeal involves but the single question—whether the $500 exemption in lieu of homestead may be claimed out of current wages which have been garnished. She contends that the only exemption which may be so claimed is that prescribed by Laws of 1919, c. 153, § 1, supra.

Contending that the $500 exemption in lieu of homestead may be allowed from current wages, appellant invokes two well-established rules of statutory construction, namely: (1) That exemption statutes are to be construed liberally in aid of their beneficial purpose; and (2) that repeals by implication are not favored. His argument is that, liberally construed, Code, § 2327, supra, applies to attempts to reach current wages by garnishment process, and that it was not impaired by the subsequent adoption of the 1919 provision, supra.

Appellee cites only Gregory v. Evans, 19 Mo. 261; In re French (D. C.) 250 F. 644. The former is not persuasive; the latter is not in point. Appellant cites 25 C. J. "Exemptions," § 224; Wilson v. Bartholomew, 45 Mich. 41, 7 N. W. 227; Seymour, Sabin & Co. v. Cooper, 26 Kan. 539; Fanning v. Bank, 76 Ill. 53; Goodwin v. Claytor, 137 N. C. 224, 49 S. E. 173, 67 L. R. A. 209, 107 Am. St. Rep. 479; Enzor & McNeill

v. Hurt, 76 Ala. 595; Pomeroy v. Beach, 149 Ind. 511, 49 N. E. 370. These cases are undoubtedly distinguishable as appellee claims. Still we think they tend generally to support appellant's contentions. We need not discuss them, as the question must be decided upon consideration of the course of garnishment and exemption legislation in New Mexico.

Prior to 1887, garnishment was not an independent proceeding, though the same substantial result was attainable as now—that of subjecting to the payment of a debt property of the debtor in the hands of a third person, including wages owing. After judgment, it was accomplished by what is known as garnishment on execution. Code 1915, § 2192. If it was desired to obtain a lien before judgment, there was statutory provision for garnishment in attachment suits. C. L. 1897, § 2698 et seq.

In 1887 a comprehensive exemption act was passed. Laws 1886-87, c. 37. It now appears, without much change, as sections 2311-2329, Code of 1915. Section 19 of that act is the present Code, § 2327, supra. Section 1, sub-sec. 6 (Code 1915, § 2311) originally read:

"The personal earnings of the debtor, and the personal earnings of his or her minor child or children, for three months, when it is made to appear, by the affidavit of the debtor, or otherwise, that such earnings are necessary to the support of such debtor, or of his or her family, and such period of three months shall date from the time of issuing any attachment or other process, the rendition of any judgment, or the making of any order, under which the attempt may be made to subject such earnings to the payment of a debt."

In 1909 a garnishment act was passed, compiled in Code 1915 as sections 2521-2552. By it the garnishment provisions of the attachment law were expressly repealed. The provision for garnishment on execution was not. Laws 1919, c. 153, § 1, supra, which appellee contends provides an exclusive exemption from current wages, has, by legislative processes, succeeded to section 26 of the 1909 act (Code 1915, § 2546).

Garnishment is not a device by which exempt prop-

erty may be reached. The second ground for the issuance of the writ is "that the defendant has not within his (affiant's) knowledge property in his possession within this state subject to execution sufficient to satisfy such debt." Code 1915, §2521. It is only effects subject to execution which the garnishee will be required to deliver to the sheriff. Code 1915, § 2539.

We find, then, in the present garnishment law, no such change from the former system, or from former principles, as would sustain the view that the Legislature intended to change the former relation between the garnishment law and the exemption law. So we think that if the act of 1887, when adopted, applied to garnishments, it still so applies.

While the language used in the various sections of the 1887 act is somewhat varied, most of the sections mention attachment, as well as execution, as process from which property is to be exempt. As we have seen, attachment at that time included garnishment. It can hardly be doubted that in general the exemptions established by the act were intended to be allowed when the property was sought to be reached by garnishment.

It was section 1, subsec. 6, supra, of the 1887 act, which particularly applied to current wages. It is plain from that section, in its original form, that "personal earnings" were to be exempt from "attachment or other process, the rendition of any judgment, or the making of any order, under which the attempt may be made to subject such earnings to the payment of the debt." The language just quoted no longer appears in the section, it having been amended to its present form by Laws 1897, c. 71. There is nothing in the change to indicate a change of policy as to the applicability of that particular exemption to garnishment proceedings. Indeed, we do not understand how that exemption could have been otherwise intended. Personal earnings, as a debt, could then, as

now, be reached only by garnishment. So in 1887 there was a specific exemption, as there is now, when current wages were garnished. We think that when proceeding under the garnishment statute it must be considered that subsection 6, § 1 of the 1887 Code was superseded by section 26 of the 1909 act, the present form of which is Laws 1919, c. 153, § 1, supra. We do not see how the two sections could operate together. The present specific exemption being merely the successor of the original 1887 provision, and there being nothing to indicate the contrary, it seems plain that if the additional exemption in lieu of homestead could, in 1887, have been claimed out of current wages, it may still be so claimed. That reduces the question to this: Was the exemption from personal earnings in the 1887 act an exemption of chattel property to which the exemption in lieu of homestead was to be additional?

Appellee urges that section 19 of the 1887 act, providing for exemption only from "levy and sale," was intended to apply only to execution process. The term "levy" is equally appropriate in speaking of an attachment. At that time the levy of attachments and of executions involved, in appropriate cases, notice to garnishees. So, to exempt from "levy" was to exempt from garnishment.

[2] Section 19 of the 1887 act permits exemption to be selected from "real or personal property," and "in addition to the amount of chattel property otherwise by law exempted." Personal property "in its broad and general sense * * * includes everything which is the subject of ownership not coming under the denomination of real estate." 32 Cyc. 667. The term "real or personal property" is in common use to denote property of all kinds. A chose in action is personal property. 32 Cyc. 669. "Chattel" is perhaps somewhat broader than "personal property." All things personal may be included under it. It also includes chattels real. 32 Cyc. 666. "Words and phrases shall be construed according to the context and the

approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed according to such meaning." Code 1915, § 5424. Whether we construe these terms as technical or according to approved usage, they clearly include "personal earnings" and "current wages." We find nothing in the context indicating any intent to vary those meaings.

[1] Appellee admits that exemption statutes are to be liberally construed in favor of the debtor. The Territorial Supreme Court has said so. In re Spitz Bros., 8 N. M. 622, 45 P. 1122, 34 L. R. A. 604. Considering all this, we cannot escape the conclusion that the Legislature originally intended that the exemption in lieu of a homestead might be claimed out of personal · earnings. If any subsequent Legislature has intended to change the rule, or has supposed that it did not apply, it has entirely failed to express such intention or supposition.

Section 19 of the 1887 act, supra, provides that the lieu selection shall be made "at any time before sale." This is said to be inconsistent with the selection of current wages or personal earnings. It is argued that while other chattels must be delivered by the garnishee to the sheriff, and by the latter sold to satisfy the plaintiff's debt, a money debt is not so delivered or sold; the process being to render a money judgment for it against the garnishee. While the argument is not without force, it is not decisive. In the first place, the mere entering of a money judgment against a garnishee does not satisfy the plaintiff's debt. There must be a sale of the garnishee's property to complete the process. Of course the garnishee may satisfy the judgment without waiting for sale of his property. The defendant whose effects have been delivered to the sheriff by the garnishee may likewise choose to satisfy the judgment without waiting for a sale. It might have been wiser to have required the defendant to claim his exemptions, imme-

diately upon or before the rendering of judgment against the garnishee. This, however, was a matter for the Legislature to decide. Sale of property is the last step in collecting a debt by process of law. The effect of the provision is to preserve the debtor's right of selection until the last moment. Another provision might have been wiser; but that is not our concern. So we do not think the claimed inconsistency exists. We might admit that the Legislature, in fixing the time, did not have momentarily in mind the entire field of selection. Still, the chapter must be construed as a whole. A doubt as to time of selection cannot be allowed to limit the subject-matter clearly included in the section. In a comprehensive statute such as this, harmony and consistency, while greatly to be desired, are not always found. A momentary lapse from them may easily be given too much weight in interpretation.

Appellee points out that though this exemption has been in the books for 40 years, it has never before been claimed in this court that it was allowable out of current wages. She also points out that if it may be so allowed, garnishment is a far less effective remedy than had been generally supposed; that a wage earner will seldom be found with as much as $500 due him from his employer; that many wage earners do not own homesteads; that many cases must arise in which the remedy will be unavailable because of these facts; that garnishment, as perhaps most frequently and usefully employed, has been the means of collecting small accounts from debtors having little, if any, property. There is force to these suggestions. If we were in doubt as to the meaning and intent of the statutory provisions which we have reviewed, we might be moved by them. Not being in doubt, however, they can be influential only with the lawmaking power. If the Legislature should consider that the present law, as we find it to be, is too liberal to wage-earning debtors, it can easily adopt a different policy.

The trial court therefore erred, and the judgment must be reversed and the cause remanded, with direction to allow the exemption.

It is so ordered.

BICKLEY, J., concurs.

PARKER, C. J. (dissenting). I am compelled to dissent from the conclusion reached by the majority. Exemption statutes have existed from an early day, the first one having been passed in 1865 (Comp. Laws 1865, appendix, p. 768). See sections 1243-1245, C. L. 1884. This statute provided no exemption in lieu of the homestead. In 1887 a comprehensive statute of exemptions was enacted, which appears now as sections 2311-2329, Code 1915. This act provided for the exemption of personal earnings of the debtor for 60 days next preceding the application for the exemption. Subsection 6 of section 2311, Code 1915. It also provided an exemption of $500 in lieu of the homestead as follows:

"Any resident of this state who is the head of a family, and not the owner of a homestead, may hold exempt from levy and sale, real or personal property to be selected by such person, his agent or attorney, at any time before sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property otherwise by law exempted." Code 1915, § 2327.

This section, to my mind, clearly shows an intention on the part of the Legislature to limit the exemption to physical, tangible, chattel property, capable of manual delivery and sale by the sheriff on execution. It is true that an account for wages or earnings is a chose in action and as such is chattel property, but it is not the subject of manual delivery or sale under execution. It is to be collected by a judgment directly against the garnishee. I do not find that chapter 153, Laws 1919, has any bearing on the question. Section 1 of that act merely provides the amount of current wages or salary to be exempted, and the circumstances under which the same may be allowed, and has no reference to an exemption in lieu

of the homestead.

I agree, of course, that exemption statutes are to be liberally construed in order to effectuate the beneficent intention of the Legislature to aid the poor and needy. But where the interpretation of the exemption statute is plain, the courts have no authority to award an exemption in cases where none has been provided by law.