**48 P.(2d) 776**

**DOWLING–MOODY CO. v. HYATT.**

**No. 4132.**

Supreme Court of New Mexico.

Aug. 26, 1935.

Rehearing Denied Sept. 17, 1935.

J. M. Dillard, of Carlsbad, for appellant.

James W. Stagner and Don G. McCormick, both of Carlsbad, for appellee.

BRICE, Justice:

This is an appeal from a judgment for the plaintiff in a proceeding in garnishment, wherein the district court held current wages were subject to garnishment for a debt incurred for necessaries of life, notwithstanding the debtor was not the owner of a homestead, was the head of a family residing in the state, and was entitled to an exemption of $500 in selected property in lieu of a homestead, as given by section 48-117, Comp. St. 1929, and made and filed a statutory claim therefor, as provided by section 48-120, Comp. St. 1929. It is unnecessary to detail the facts or procedure in the district court; none of which are in dispute or necessary to a

decision of the case. The parties have agreed in their briefs that the only question to be decided is: "May garnished current wages of a debtor be claimed as exempt under the provision of section 48-117, N. M. Codification 1929, where the debt sued on was incurred for the necessaries of life?"

If the answer is in the affirmative, the case must be reversed and rendered for appellant; if in the negative, it must be affirmed.

In the case of McFadden v. Murray, 32 N. M. 361, 257 P. 999, 1000, it was held that current wages, though in excess of $75 per month, are personal property and the whole is exempt from garnishment when claimed in lieu of a homestead under the above-mentioned section of the statutes. The debt sued on in that case does not appear to have been incurred for necessaries of life.

The garnishment statute (section 59-126) reads as follows: "No person shall be charged as garnishee, in any court in this state, on account of current wages, or salary due, from him to a defendant, in his employ, for more than twenty per cent. of any wages or salary due such defendant for the last thirty days' service, unless the wages or salary due said defendant exceeds seventy-five dollars per month, garnishment may be had for twenty per cent. of seventy-five dollars of such wages and salary, and, in addition thereto, for full amount of the excess of such wages or salary above seventy-five dollars. No exemption whatever shall be claimed, under the provisions of this section, where the debt was incurred for necessities of life, or for any debt, in either of the following cases: In case the debtor is not the head of a family, or in case the debtor is the head of a family, where the family does not reside in this state."

This court in effect held in the McFadden Case that all current wages, whether in excess of $75 a month or not (in fact any kind of property), is exempt when legally claimed in lieu of a homestead, though subject to garnishment by the terms of section 59-126, Comp. St. 1929. That "garnishment is not a device by which exempt property may be reached." If the 20 per cent. of wages and the excess over $75 per month to the extent of $500 is exempt from garnishment when so claimed, as held in the McFadden Case, then upon the same reasoning the wages are exempt although the debt sued on was incurred for necessaries of life. The fact that the debt was for necessaries gave the creditor no greater right to garnishment than it gave him to garnish 20 per cent. of the wages, or the excess over $75 per month. The opinion invites a correction from the Legislature if the decision did not conform to its intent and no action has been

taken by that body though eight years have passed.

The judgment of the district court will be reversed, with instructions to enter judgment for appellant sustaining his claim for exemption and for costs in this court.

It is so ordered.

SADLER, C. J., and BICKLEY and ZINN, JJ., concur.

HUDSPETH, J., dissents.