103 P.2d 646

**HEWATT v. CLARK.**

No. 4524.

Supreme Court of New Mexico.

June 1, 1940.

G. L. Reese, Sr., of Roswell, for appellant.

H. C. Buchly, of Roswell, for appellee.

BICKLEY, Chief Justice.

There is involved in this appeal the question of what is the proper interpretation of the exemption statute applicable to a resident of the state and the head of a family, as this statute, Sec. 48-117, N.M.Comp. Laws 1929, is affected by the amendatory act hereinafter set out. Chap. 90, Laws of 1937.

There is no dispute as to the facts of the case. Appellee Hewatt obtained judgment against appellant Clark in a Justice of the Peace court upon an account for necessities of life furnished the defendant and his family in the sum of $53, and attempted to satisfy said judgment by execution upon an automobile belonging to appellant. Defendant, being a resident of the state and the head of a family and not the owner of a homestead, filed his claim of exemption. This was disallowed by the Justice of the Peace, and upon appeal and trial de novo upon an agreed statement of facts in the District Court the claim of exemption was there likewise disallowed. The trial court held that Sec. 48-117, supra, as amended by Chap. 90, Laws of 1937, now confines the right to exemption from debts for necessities of life to a certain per cent or portion of the earnings of the debtor, and that the $500 exemption heretofore recognized as allowable in lieu of a homestead no longer obtains.

Section 48-117, N.M.S.A. 1929, being section 19, Chap. 37 of the Laws of 1887, reads as follows: "Any resident of this state who is the head of a family, and not the owner of a homestead, may hold exempt from levy and sale, real or personal property to be selected by such person, his agent or attorney, at any time before sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property otherwise by law exempted."

The above section was amended by Chapter 90, Laws 1937, and in its amended form provides: "Any resident of this State, who is the head of a family and not the owner of a homestead, may hold exempt from levy and sale, real or personal property, to be selected by such person, his agent or attorney, at any time before sale not exceeding five hundred dollars in value in addition to the amount of chattel property otherwise by law exempted; Provided, However, that no exemption other than eighty per cent (80%) of the first seventy-five dollars ($75.00) of the earnings of the debtor for the thirty (30) days next prior to the service of writ of garnishment shall be allowed under the provisions of this Section where the debt sued on was incurred for the necessities of life furnished the debtor or his family, or for manual labor."

Appellee contends that the amendatory language appearing in the late act, particu-

larly when read in the light of the language of the title thereof, supports the trial court's conclusion that for debts incurred for necessities of life, we no longer have the five hundred item in lieu of the homestead. The title of the Act of 1937, reads: "An Act Amending Section 17, Chapter 37, Laws of 1887 (Section 48-117 of the New Mexico Statutes Annotated 1929 Compilation) Relating to Heads of Family Exemptions From Levy and Making Same Inapplicable to Debts for the Necessities of Life or for Labor."

This act re-enacts in the exact words of the earlier statute, Sec. 48-117, supra, it will be seen, and adds thereto the additional language introduced by the phrase "provided, however."

Appellant contends that the 1937 amendatory act was in response to the legislature's desire to narrow the right of exemption in cases of garnishment and where the debt was owing for necessities of life, and that the legislation was motivated by a desire to correct a condition pointed out by us in the cases of McFadden v. Murray, 1927, 32 N.M. 361, 257 P. 999 and Dowling-Moody Co. v. Hyatt, 1935, 39 N.M. 401, 48 P.2d 776.

In the first of the above cases we held that the exemption of property up to the amount of $500 to be selected by the debtor at any time before sale (Sec. 48-117, supra,) might be claimed out of current wages garnished, notwithstanding that under Chap. 153, Laws of 1919, the statute on garnishment, either all or a part of such wages, depending upon the circumstances, could be reached in a proceeding in garnishment. We there discussed the history of our exemption and garnishment statutes, held that exemption statutes are to be liberally construed, and stated, in declining to make a different application of the garnishment law to that made of the general exemption statute in dealing with such statutory exemptions, that "Garnishment is not a device by which exempt property may be reached." [32 N.M. 361, 257 P. 1000.] Incidentally, we were not then considering a debt incurred for the necessities of life. We there suggested that if the legislature should consider the law as we construed it to be too liberal in behalf of wage-earning debtors, it could easily adopt a different policy. There was, in the meantime, no legislative change in this respect.

Then, after the lapse of some eight years, we again had the question presented in Dowling-Moody Co. v. Hyatt, supra, and again we held that Sec. 48-117, supra, allowing the $500 exemption in lieu of a homestead was applicable to suits in garnishment. This case, unlike the McFadden case, supra, involved an indebtedness incurred for the necessities of life. This distinction, however, did not persuade in favor of any different result. We there said: "The fact that the debt was for necessaries gave the creditor no greater right to garnishment than it gave him to garnish 20 per cent. of the wages, or the excess over $75 per month. The opinion invites a correction from the Legislature if the decision

did not conform to its intent and no action has been taken by that body though eight years have passed."

The statute on garnishment, Chap. 153, Laws 1919, Sec. 59-126, N.M.Comp.Laws 1929, which was under consideration in each of the cases above referred to, and which we held in each instance did not devitalize the plain intention of Sec. 48-117 to allow the exemption to the debtor who could qualify, whether the exempt property must come from current wages or some other class of property, reads: "No person shall be charged as garnishee, in any court in this state, on account of current wages, or salary due, from him to a defendant, in his employ, for more than twenty per cent. of any wages or salary due such defendant for the last thirty days' service, unless the wages or salary due said defendant exceeds seventy-five dollars per month, garnishment may be had for twenty per cent. of seventy-five dollars of such wages and salary, and, in addition thereto, for full amount of the excess of such wages or salary above seventy-five dollars. No exemption whatever shall be claimed, under the provisions of this section, where the debt was incurred for necessities of life, or for any debt, in either of the following cases: In case the debtor is not the head of a family, or in case the debtor is the head of a family, where the family does not reside in this state."

■ The one problem now before us, then, is narrowed to a determination of whether the amendatory act of 1937, supra, has the effect of doing more than meeting a situation pointed out by us in these two aforementioned cases. That is to say, whether the effect of the amendment is not only to limit the debtor's right of exemption in garnishment proceedings to a certain portion of his earnings, but that, in addition, whether it does not take away all right to such exemption in lieu of a homestead "where the debt sued on was incurred for the necessities of life furnished the debtor or his family, or for manual labor." Appellee claims the amendment has the effect of taking away all right of exemption under such circumstances. Appellant disputes this contention.

We are in accord with appellant's view and hold that the trial court erred in denying his claim. It is clear that Chap. 90, Laws of 1937, was for the purpose and had the effect, simply, of correcting a condition which we twice held prevailed where exemption was claimed under Sec. 48-117, and when invoked by a debtor who was sued in garnishment in an effort to reach current wages. This view, it seems to us, comports with sound reason.

■ For nearly half a century the policy of the law had favored granting a resident and head of a family a small homestead exemption, among other items of no considerable monetary value, and where he had no homestead, in lieu thereof, real or personal property to be selected by him not exceeding five hundred dollars in value. The attacks made upon our statutes of ex-

emption in the two cases referred to had to do simply with the applicability of language of the garnishment statute read in the light of Sec. 48-117, supra. In the two cases here discussed, there was no challenge either to the policy of the law or to the interpretation of the act allowing the head of a family the $500 as exempt in lieu of a homestead, except as it affected or related to the garnishment statute, and then only to the extent that there appeared an inconsistency. "The exemption statute was adopted as a humane policy to prevent families from becoming destitute as the result of misfortune through common debts which generally are unforeseen." Tomson v. Lerner, 37 N.M. 546, 25 P.2d 209, 210, 96 A.L.R. 246. We there stated only a simple truism. A like purpose prompts this character of legislation everywhere. We will not now, in the absence of clear and unmistakable language, impute to the legislature an intention to repeal this act and reverse such long established policy.

 It will be noted in this connection, that the language of the 1887 Act (Sec. 48-117) brought forward in the 1929 compilation, was embodied without change in the 1937 Act, except as to the proviso added thereto, which, we hold, has the effect only of limiting the right of exemption of the earnings of the debtor where such earnings are sought to be reached by garnishment. And it cannot be said that this interpretation is weakened by the construction which appellee would place upon the title of the amendatory Act of 1937. We understand that resort may be had to the title of an act to determine the meaning of ambiguous language in the body of the act. But first the language must be ambiguous and not clear. 25 R.C.L. (statutes) Sec. 267, pages 1032, 1033. We know that the meaning of the act must primarily be determined from the language of the act itself. In view of what we have said as to the history of this legislation, appraised in the light of our decisions suggesting the possibilities under it, and notwithstanding the somewhat awkward and artless expression found in the title, we cannot say that the language of the act is ambiguous. It shows on its face fairly, if not as clearly as might be, that it is dealing with exemption in garnishment.

 Some significance should attach to the use of the phrase "prior to the service of writ of garnishment" in the 1937 Act. The lawmakers doubtless had in mind the questions which had arisen over this court's interpretation of the garnishment act in its relation to the older and broader exemption statute, and had sought to reconcile a policy of dealing with exemption claims of debtors in garnishment proceedings where the debt incurred was for necessities of life, with this broader act (Sec. 48-117) which was not repealed, but which was brought forward and re-enacted without change. A liberal construction of our exemption statutes to which we are definitely committed (In re Spitz Bros., 8 N.M. 622, 45 P. 1122, 34 L.R.A. 604; McFadden v. Murray, supra) permits of no other appraisal.

The trial court was in error in refusing to grant appellant's claim of exemption, for which reason the judgment is reversed with direction to set aside the judgment heretofore entered and to allow such claim; and, it is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.