445 P.2d 386

**ADVANCE LOAN COMPANY,**
**Plaintiff-Appellee,**

v.

**Linda KOVACH, Defendant-Appellant.**

**No. 8604.**

Supreme Court of New Mexico.

Sept. 23, 1968.

**510**

Ellis J. French, Albuquerque, for appellant.

Louis J. Vener, David G. Housman, Albuquerque, for appellee.

## OPINION

CARMODY, Justice.

Plaintiff obtained a judgment against the defendants, husband and wife, from which no appeal was taken. Thereafter, following the divorce of the defendants, a garnishment issued against the defendant Linda Kovach. The proceedings with reference to the garnishment are the basis of the case before us, both parties being dissatisfied with separate rulings of the trial court.

To place the case in proper perspective, the following records are pertinent: On May 26, 1967, defendant filed a claim of exemption. On May 29th, defendant filed a motion to quash. On June 7th, the trial court approved the claimed exemptions. On June 30th, the parties filed a stipulation of facts, which the court adopted, and, by order, entered conclusions of law. On the same day, an order was entered, denying the motion to quash. Also on June 30th, plaintiff loan company gave notice of appeal from the order of June 7th. On July 10th, defendant moved the court to make additional findings and to amend its order of June 30th. On August 17th, the court entered an order, the effect of which was to insert the word "amended" to the findings of fact and conclusions of law stipulated to by the parties on June 30th, effective nunc pro tunc. Also on August 17th, defendant gave notice of appeal from the order of June 30th, as amended, denying her motion to quash. An instrument entitled "Court's Amended Findings of Fact and Conclusions of Law" was also filed on the same day.

Thus we have what seem to be appeals by the adverse parties from separate rulings of the trial court. The parties have further confused the record, because the defendant has filed a brief in chief, terming herself "appellant and cross-appellee," to which the plaintiff has filed an answer brief, incorporating a cross-appeal. However, in view of the result which we reach, the erroneous terminology is of no consequence.

We are first faced with the jurisdictional question of whether the defendant has properly appealed from the denial of her motion to quash. In our opinion, the court has no jurisdiction over this facet of the proceedings.

The appeal, or cross-appeal (by whatever term it may be given), by the defendant is simply not timely. The order of the court of June 7th finally disposed of the litigation. By its very terms, it allowed the exemptions claimed and ordered the balance, not subject to the claims of exemption, paid to the plaintiff. There remained nothing further for the court to do; its subsequent order denying the motion to quash merely completed the record, but it was unnecessary because the June 7th order was a final disposition. Thus the time for the defendant to appeal under Rule 5 (§ 21–2–1(5), N.M.S.A.1953) commenced to run on that date and the defendant's motion on July 10th was not timely and could in no sense extend the time of appeal. Rice v. Gonzales, 79 N.M. 377, 444 P.2d 288, decided August 12, 1968, is completely dispositive. It should also be noted that, even if by some strained construction it should be urged that the defendant's appeal (or cross-appeal) was timely, the defendant has ut-

terly failed to appeal from the dispositive order of June 7th. We therefore do not consider the merits of defendant's argument and the only portion of the proceeding before us that justifies our consideration is that which is termed the "cross-appeal" by the plaintiff from the order of the court approving the exemptions.

The loan company's contentions on appeal are (1) that the partial exemption of wages due to the head of a family under § 26–2–27, N.M.S.A.1953 (1967 Pocket Supp.) is void as being vague, confusing and ambiguous, and (2) that the trial court erroneously construed and applied together the aforementioned section and § 24–6–7, N.M.S.A.1953 (1967 Pocket Supp.). The two statutes are as follows:

"26–2–27. Wages of head of resident family partially exempt.—No person shall be charged as garnishee, in any court in this state, on account of current wages, or salary due, from him to a defendant, in his employ, for more than twenty-five per cent [25%] of any wages or salary due the defendant for the last thirty [30] days' service, provided, that if the wages or salary due said defendant for the last thirty [30] days' service are one hundred dollars ($100) or less, garnishment may be had for no more than twenty per cent [20%] of such wages or salary. No exemption whatever shall be claimed, under the provisions of this section in case the debtor is not the head of a family, or in case the debtor is the head of a family, where the family does not reside in this state."

"24–6–7. Family head not owning homestead—Additional exemption—Limitation in case of necessities and manual labor.—Any resident of this state, who is the head of a family and not the owner of a homestead, may hold exempt from levy and sale, real or personal property, to be selected by the person, his agent or attorney, at any time before sale, not exceeding five hundred dollars ($500) in value in addition to the amount of chattel

property otherwise by law exempted; Provided, however, that the in-lieu exemption authorized by this section shall not apply on the first thirty three and one-third per cent [33⅓%] of any amount due the debtor as salary or wages prior to the service of writ of garnishment."

■ As we understand plaintiff's argument, it seems to be urged that the statute is vague from the standpoint of the garnishee-employer, because the statute does not specifically say what the duties of the garnishee are when answering the claim of garnishment. Thus plaintiff would have us advise whether a garnishee must decide the amount of the exemption to which a defendant would be entitled and to claim it for him. Plaintiff argues this, in part at least, from another section of the statute (§ 26–2–18, N.M.S.A.1953), which on its face allows judgment against the garnishee for the full amount of the judgment against the defendant if the garnishee fails to answer. In taking this position, the plaintiff seeks an advisory opinion, which is not within the issues of the case and upon which we decline to express an opinion. It is obvious that the problem is that of the garnishee-employer, not of the plaintiff here.

■ Plaintiff also finds some confusion in the statute with respect to the 30-day provision, but, here again, fails to show how this could in anywise affect the plaintiff's standing in this proceeding. In any event, in this connection we observe that § 59–3–2, N.M.S.A.1953, requires employers to pay employees at intervals of not more than thirty days. Thus the argument with respect to delayed payments could only occur in an unusual case and certainly not in the instant one. Therefore, in our opinion, § 26–2–27, supra, even though perhaps difficult in application, is not so vague, confusing or ambiguous as to be void, and, at least from the plaintiff's standpoint, it does not offend the due-process clause of the constitution.

Proceeding, then, to the contention that the trial court erred in applying the two statutes together, we first note that exemption statutes are to be liberally construed in favor of the debtor. Laughlin v. Lumbert, 68 N.M. 351, 362 P.2d 507 (1961); In Re Spitz Bros., 8 N.M. 622, 45 P. 1122, 34 L.R.A. 604 (1896). The trial court determined that at the time of the answer of the garnishee, there was owed to the defendant $129.12. The court then allowed the "in lieu" exemption amounting to $103.19. To the balance of $25.93, the court then applied the 75% exemption under § 26-2-27, supra, and directed that the sum of $6.37 be paid upon the indebtedness. We see no objection to the manner in which the trial court applied the exemptions. As a matter of fact, § 24-6-7, supra, excepting for the proviso, supra, is in the same identical language as its predecessor statute, which was construed and the exemption was granted in McFadden v. Murray, 32 N.M. 361, 257 P. 999 (1927). The effect of McFadden was to allow two exemptions and to suggest to the legislature that if it desired a less liberal policy with respect to debtors, appropriate statutes could be enacted. The decision in McFadden was reaffirmed in Dowling-Moody Co. v. Hyatt, 39 N.M. 401, 48 P.2d 776 (1935). In 1937, the legislature saw fit to amend the "in lieu" statute to provide for a percentage limit for exemption where the debt sued for was incurred for the necessities of life or for manual labor. This amendment was considered in Hewatt v. Clark, 44 N.M. 453, 103 P.2d 646 (1940), and again it was determined that both exemption statutes were applicable. The present statute (§ 24-6-7, supra), as amended in 1961 and 1965, eliminated the "necessities of life and manual labor" clause and revised the amount and percentage of the exemption, but otherwise the language is substantially the same as it appeared when enacted in 1887.

The application of the exemptions, first the "in lieu" and thereafter the garnishment exemption, is made plain in the opinion in McFadden, supra, where it was said, "Garnishment is not a device by which exempt property may be reached." The relatively minor changes in the two statutes in no sense warrant a revision in the method of application.

Although the problem is not without its complications, we see no reason to disturb the line of authority pronounced by this court over the many years. Our statutes today are identical in substance, if not in form, to those considered in the cases cited above. As we said in McFadden, if the legislature does not consider our construction as proper, it is within its province to adopt a different policy.

The judgment will be affirmed. It is so ordered.

CHAVEZ, C. J., and NOBLE and MOISE, JJ., concur.

COMPTON, J., not participating.